1054

POLAR ICE CREAM & SUPPLY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 13805, 25823.   Promulgated October 16, 1928.

*George E. H. Goodner, Esq.*, for the petitioner.
*Harry LeRoy Jones, Esq.*, for the respondent.

# 1056

OPINION.

MORRIS: The two questions raised by the petitioner in connection with the leasehold acquired by it depend upon a determination of the actual cash value or fair market value thereof at the date of acquisition. The principal testimony relied upon by the petitioner to establish the $12,000 valuation was that due to the use of the space covered by the lease, which was in a cold storage and ice plant, a saving of from $2 to $2.50 per ton resulted and that during the term of the lease, 5,831 tons of ice were used. It is apparent that this basis of valuation rests, at least in part, upon facts which have come to light subsequent to the date of the acquisition of the lease. At that time this saving, as was testified by one of petitioner's witnesses, was speculative and there was no assurance that it would continue to accrue to the end of the period covered by the lease.

A lease has an actual cash value or fair market value only when the value of the rights granted thereunder is in excess of the payments and obligations imposed upon the lessee. The mere fact that a saving to the lessee results by reason of the location of the leased premises does not of itself establish that the lease had a value in excess of the rental paid. It was testified that a reasonable rental for such space was $75 per month. The petitioner under the terms of the lease was obligated to pay a minimum monthly rental of $100 and we were not advised as to the actual amount paid on the basis of 9 cents per gallon on the ice cream and ices sold by it. The difference of $25 or more per month was undoubtedly to reimburse the lessor for the facilities and service furnished by it; whether a part of that difference represented a charge because of the saving in the cost of ice to the lessee, we do not know. One witness testified that it would cost approximately 3 cents per gallon more to operate without the lease; in other words, that 9 cents when divided properly would not give sufficient payment for the ice to cover the cost of ice and delivery. We do not give any weight, however, to this particular testimony, as the witness was engaged in another business and his knowledge of the petitioner's business was meager.

Considering all the evidence introduced in support of the $12,000 valuation of the lease, we are unable to find that it had any value at the date of acquisition by the petitioner, and, therefore, sustain the respondent's action in disallowing a deduction for the exhaustion thereof and in eliminating the claimed depreciated value from invested capital.

*Judgment will be entered under Rule 50.*